# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| NEIL A. MILLER, P.C., a Michigan Professional Service Corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| | ) | Class No. 15-14480 |
| Plaintiff, | ) | |
| | ) | Class Action |
| v. | ) | |
| | ) | |
| JAMES PUBLISHING, INC., and JOHN DOES 1-12, | ) ) | |
| | ) | |
| Defendants. | | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff, Neil A. Miller, P.C., ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, James Publishing, Inc., ("James Publishing"), and John Does 1-12, (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of faxing unsolicited advertisements.

2.    Defendants sent advertisements in an attempt to market its depositions checklists and strategies product for attorneys.

3.    The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

4.    The TCPA mandates that when a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously displayed on the first page off the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5.    The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court can treble the damages.

6. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and Michigan Compiled Laws § 600.2919(a) (1) (a).

8. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff, Neil A. Miller, P.C., is a business that is located in and conducts business in Troy, Michigan.

3

10.     Defendant, James Publishing is a California corporation with its principle place of business in Costa Mesa, California.

11.     Plaintiff included Defendants John Does 1-12 as it is not clear whether any entities or persons other than James Publishing actively participated in the transmission of the subject fax advertisements, or benefitted from the transmissions.

12.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

13.     Venue is proper in the Eastern District of Michigan because Defendants committed a statutory tort within this district and a significant portion of the events giving rise to Plaintiff's claims took place here.

## FACTS

14.     On or about December 7, 2015, Plaintiff received an unsolicited fax advertisement. Exhibit A, copy of the subject fax advertisement. Exhibit A was sent, or caused to be sent, by Defendants.

15.     Exhibit A is a one-page fax that promotes James Publishing's depositions checklists and strategies product for attorneys. Exhibit A advertises the goods, products or services of James

Publishing. <u>Exhibit A</u> also contains information about the benefits of James Publishing's deposition checklists and strategies product. <u>Exhibit A</u> lists what the product contains, the different forms of the product available for purchase, the limited time available to make the purchase, as well as a method to contact James Publishing in order to engage in business. Defendants sent, or caused this unsolicited fax advertisement to be sent to Plaintiff and a class of similarly-situated persons.

16.    Plaintiff did not invite or give permission to anyone to send <u>Exhibit A</u> to him.

17.    <u>Exhibit A</u> does not contain an opt-out notice as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b) (2) (D) (ii).

18.    On information and belief, Defendants sent the same facsimile to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that, sending advertisements by fax is a very cheap way to reach a wide audience, and while Plaintiff had conducted business with Defendants in the past, Plaintiff never gave permission to anyone to send the subject fax advertisement to him,

5

The reception of a fax advertisement from Defendants suggest that Defendants used its customer database, as well as numerous other resources, to send out fax advertisements to a large number of people without their consent.

19.     There are no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by defendants, that did not contain an opt-out notice that complied with federal law.

21.     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of

Defendants, and any Judge assigned to this action, and his or her family.

22.   This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.  This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

23.   **Numerosity/Impracticality of Joinder**:  On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

24.     **Commonality and Predominance:**  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

a.      Whether Defendants sent fax advertisements;

b.      Whether Exhibit A advertised the commercial availability of property, goods or services;

c.      The manner and method Defendants used to compile or obtain the lists of fax numbers to which they sent Exhibit A and other unsolicited fax advertisements;

d.      Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

e.      Whether Defendants' lack of an opt-out notice violated the TCPA;

f.      Whether Plaintiff and the other Class members are entitled to statutory damages;

8

g.      Whether Defendants should be enjoined from faxing advertisements in the future;

h.      Whether the Court should award trebled damages;

i.      Whether Defendants' conduct as alleged herein constituted conversion; and

j.      Whether Defendants' conduct as alleged herein was a statutory conversion under Mich. Comp. Laws § 600.2919(a) (1) (a).

25.    **Typicality of claims**:  Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received unsolicited fax advertisements from Defendants that also did not contain an opt-out notice pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

26.    **Adequacy of Representation**:  Plaintiff is an adequate representative of the Class because his interests do not conflict with those of the Class members he seeks to represent. Plaintiff has retained

counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interests of Class members will be fairly and adequately protected by Plaintiff and its counsel.

27.   **Prosecution of Separate Claims Would Yield Inconsistent Results**:  Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

28.   **Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate**:  A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting

separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     Plaintiff brings Count I on behalf of itself and a class of similarly situated persons.

31.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

32.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any

11

property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

33. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)   Both such actions.

47 U.S.C. § 227 (b) (3).

34. In relevant part, the TCPA states that "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47. U.S.C. § 227 (b) (2) (D) (i).

35.     Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . ."  47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty days.  47 C.F.R. § 64.1200 (a) (4) (iii) (B).

36.     The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

37.     Moreover, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such

a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

38.    The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227 (b) (3).

39.    Defendants violated 47 U.S.C. § 227 et seq. by sending advertisements by fax (such as Exhibit A) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

40.    Defendants violated 47 U.S.C. § 227 et seq. by not providing an opt-out notice in Exhibit A.

41.    Facsimile advertising imposes burdens on unwilling recipients that are distinct from the burden imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the senders fail to enable the recipients with the appropriate information to stop the burden imposed by this form of advertisement.

42.    The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other Class members even if their actions were negligent.

43.    Defendants are liable to Plaintiff and the other Class members under the TCPA for not including an opt-out notice even if Defendants ultimately prove that they obtained prior express permission to send the advertisements by fax or prove that Defendants had an established business relationship with Plaintiff and the other Class members.

44.    Each Defendant is liable because, respectively, it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and constituting the violation, the faxes were sent on its behalf, and under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

45.    Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Exhibit A is an advertisement, and

that <u>Exhibit A</u> did not display an opt-out notice as required by the TCPA.

46.    Defendants' actions caused damages to Plaintiff and the other Class members.  Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of <u>Exhibit A</u> occurred outside Defendants' premises.

47.    Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.      That the Court award $500.00-$1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

48.     Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

49.     Plaintiff brings Count II on behalf of itself and a class of similarly situated persons.

17

50.    By sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to Defendants' own use. Defendants also converted Plaintiff's employees' time to their own use.

51.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

52.    By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

53.    Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

54.    Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each Class

member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

55.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, jointly and severally as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff' counsel as counsel for the Class;

B.     That the Court award appropriate damages;

C.     That the Court award punitive damages;

D.     That the Court award reasonable attorney's fees;

E.     That the Court award costs of suit; and

F.     That the Court award such further relief as it may deem just and proper.

## COUNT III
## STATUTORY CONVERSION UNDER
## MICH. COMP. LAWS § 600.2919(a)(1)(a)

56.     Plaintiff incorporates paragraphs 1 through 29 and 30 through 55 as though fully set forth herein.

57.     Plaintiff brings Count III on behalf of itself and a class of similarly situated persons.

58.     Defendant sent unsolicited faxes converting Plaintiff's fax machine, paper, toner, and employees' time for Defendant's own use.

59.     Defendant's actions are in violation of Mich. Comp. Laws § 600.2919(a) (1) (a) and is entitled to recover three times the amount of actual damages sustained, plus the costs and reasonable attorney fees.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the Class representative, and appoint Plaintiff's counsel as counsel for the Class;

20

B.      That the Court award three times the amount of actual

costs;

C.      That the Court award punitive damages;

D.      That the Court award reasonable attorneys' fees;

E.      That the Court award costs of suit; and

F.      That the Court award such further relief as it may

deem just and proper.

Respectfully submitted,

NEIL A. MILLER, P.C., a
Michigan Professional Services
Corporation, individually and as
the representative of a class of
similarly-situated persons,

By:     /s/ Phillip A. Bock

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500

Mark K. Wasvary
Mark K. Wasvary, P.C.
2401 W. Big Beaver Rd., Ste 100
Troy, MI 48084
Telephone:         248-649-5667

21

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2015, I caused the foregoing to be filed using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

/s/ Phillip A. Bock

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NEIL A. MILLER, P.C. a Michigan Professional Service Corp., individually and as the representative of a class of similarly situated persons. | James Publishing, Inc. and JOHN DOES 1-12 |

| **(b)** County of Residence of First Listed Plaintiff  Oakland County, Michigan | County of Residence of First Listed Defendant  Orange County, California |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Bock & Hatch, LLC, 134 N. LaSalle St., Ste. 1000<br>Chicago, IL 60602, Telephone: 312-658-5500 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | ✓ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>■ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act<br>☐ 896 Arbitration |
| | | | **LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities<br> Employment<br>☐ 446 Amer. w/Disabilities<br> Other<br>☐ 448 Education | ☐ 510 Motions to Vacate<br> Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | | ☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br> Alien Detainee<br> (Prisoner Petition)<br>☐ 465 Other Immigration<br> Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☑ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.)

Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

## VII. PREVIOUS BANKRUPTCY MATTERS *(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

| VIII. REQUESTED IN<br>COMPLAINT: | ☑ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☐ Yes  ☑ No |
|---|---|---|---|

## IX. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

**X.** This case (check one box)   ☐ **Is not** a refiling of a previously dismissed action    ☐ is a refiling of case number _____ previously dismissed by Judge _____

| DATE   12/29/2015 | SIGNATURE OF ATTORNEY OF RECORD   /s/ Phillip A. Bock |
|---|---|

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.       (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.       Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.       Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.       Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.       Origin.** Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.       Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.       Previous Bankruptcy Matters** For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

**VIII.       Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**IX.       Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**X.       Refiling Information.** Place an "X" in one of the two boxes indicating if the case is or is not a refiling of a previously dismissed action. If it is a refiling of a previously dismissed action, insert the case number and judge.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Rev040913