## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

NEIL A. MILLER, P.C., a Michigan
Professional Service Corporation,
individually and as the representative of
a class of similarly situated persons,

               Plaintiff,

v.

JAMES PUBLISHING, INC., and JOHN
DOES 1-12,

               Defendants.

Case No. 15-14480
Judge David M. Lawson

---

## DEFENDANT'S MOTION TO DISMISS UNDER
## FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, TO STAY

Defendant, James Publishing, Inc. ("James Publishing"), moves for dismissal of Counts II and III of the Complaint under Fed. R. Civ. P. 12(b)(6), or, in the alternative, to stay this action pending the decision of the United States Supreme Court in *Spokeo, Inc. v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (U.S. April 27, 2015).

Pursuant to Local Rule 7.1(a), there was a telephonic conference between the attorneys on March 17, 2016 in which the movant explained the nature of this motion, its legal basis and requested, but did not obtain, concurrence in the relief sought.

Defendant respectfully requests that this Court enter an order granting the Motion and dismissing Counts II and III of the Complaint under Fed. R. Civ. P. 12(b)(6) and/or staying further proceedings on Count I.

Dated:        March 22, 2016                    Respectfully submitted,

                                                **JAMES PUBLISHING, INC.**

                                                By:  s/ *Rosa M. Tumialán*
                                                Rosa M. Tumialán
                                                (rtumialan@dykema.com )
                                                DYKEMA GOSSETT, PLLC
                                                10 S. Wacker Drive, Suite 2300
                                                Chicago, Illinois 60606
                                                (312) 876-1700 (phone)
                                                (312) 876-1155 (fax)

                                                Rob Horwitz (rhorwitz@dykema.com)
                                                DYKEMA GOSSETT, PLLC
                                                400 Renaissance Center, 36th Floor
                                                Detroit, MI  48243
                                                Phone: (313) 568-5384

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

NEIL A. MILLER, P.C., a Michigan
Professional Service Corporation,
individually and as the representative of
a class of similarly situated persons,

           Plaintiff,

v.

JAMES PUBLISHING, INC., and JOHN
DOES 1-12,

           Defendants.

Case No. 15-14480
Judge David M. Lawson

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... ii

STATEMENT OF ISSUES PRESENTED................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

INTRODUCTION AND STATEMENT OF FACTS ...............................................1

LEGAL STANDARD..................................................................................2

ARGUMENT ...........................................................................................4

I.   THE CONVERSION CLAIMS SHOULD BE DISMISSED WITH PREJUDICE .......................................................................................4

II.  THE DAMAGES SOUGHT IN COUNTS II AND III ARE DE MINIMIS ......6

III. THIS COURT HAS THE DISCRETION TO DECLINE TO ASSERT SUPPLEMENTAL JURSIDICTION OVER THE STATE LAW CLAIMS .....8

IV.  IN ANY EVENT, THIS CASE SHOULD BE STAYED PENDING THE ARTICLE III RULING ANTICIPATED IN SPOKEO, INC. V. ROBBINS ..10

   A.   There is a Valid Need for Delay ............................................11

   B.   Miller Will Not Be Prejudiced by and Could Benefit From a Stay .........13

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Amini v. Oberlin College*,
259 F.3d 493 (6th Cir. 2001) ................................................................3

*Aroma Wines Equip., Inc. v. Columbian Distrib. Servs., Inc.*,
497 Mich. 337, 871 N.W.2d 136 (2015).................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..............2, 3

*Compressor Eng'g Corp. v Thomas*,
No 10-10059, 2016 U.S. Dist. LEXIS 13174 (E.D. Mich, February
3, 2016) ...........................................................................................11, 12

*Destination Ventures, Ltd. v Federal Communications Commission*,
46 F3d 54 (9th Cir 1995) ....................................................................13

*Fauley v Royal Canin USA, Inc.*,
No 15-02170, 2015 WL 3622542 (N.D. Ill. May 22, 2015) ...............11

*Foremost Ins. Co. v. Allstate Ins. Co.*,
486 N.W.2d 600 (Mich. 1992)...............................................................4

*Fricko, Inc. v. Nehmeh Enters.*,
2012 U.S. Dist. LEXIS 32633 (E.D. Mich. Mar. 12, 2012)................9

*FTC v EMA Nationwide, Inc.*,
767 F3d 611 (6th Cir 2014) ..................................................................3

*Gen. Ret. Sys. v. Onyx Capital Advisors, LLC*,
2011 U.S. Dist. LEXIS 111440 (E.D. Mich. Sept 29, 2011) ...............4

*GM Sign, Inc. v Elm Street Chiropractic*,
871 F.Supp.2d 763 (N.D. Ill. 2012)..................................................7, 8

*Habich v. City of Dearborn*,
    331 F.3d 524 (6th Cir. 2003) ................................................................8

*Hannahan Endodontic Grp. v. Inter-Med, Inc.*,
    No 15-1038, 2016 U.S. Dist. LEXIS 7162 (E.D. Wis. January 20,
    2016) ...............................................................................................10, 11

*James v. Hampton*,
    592 Fed. Appx. 449 (6th Cir. 2015) .....................................................8

*Landis v North American Co.*,
    299 US 248 (1936) ................................................................................3

*Langefeld v Marion Gen. Hosp., Inc.*,
    994 F.2d. 1178 (6th Cir. 1993) ............................................................8

*Matera v Google, Inc.*,
    No. 15-04062, 2016 U.S. Dist. LEXIS 15271 (N.D. Cal. Feb 5,
    2016) ...................................................................................................12

*Prairie State Bank & Trust v. Deere Park Assocs*,
    2014 IL App (4th) 130819 ....................................................................5

*Rockey v Courtesy Motors, Inc.*,
    199 F.R.D. 578 (WD Mich 2001) .........................................................9

*Rodriguez v. DFS Servs.*,
    LLC, No 15-2601, 2016 U.S. Dist. LEXIS 11494 (M.D. Fla. Feb 1,
    2016) ..............................................................................................12, 13

*Rosario's Fine Jewelry, Inc. v Paddock Publications*,
    443 F.Supp.2d 976 (N.D. Ill 2006) ...............................................4, 5, 6

*Simon v Eastern Ky. Welfare Rights Organization*,
    426 U.S. 26, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976) ........................7

*Spokeo, Inc. v. Robins*,
    742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (U.S.
    April 27, 2015)...............................................................................passim

*Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*,
    633 F.Supp.2d 610 (N.D. Ill. 2009) ..................................................7, 8

*Tel Sci Corp. v. Asset Recovery Solutions*,
    2016 U.S. Dist. LEXIS 581 (January 5, 2016) ....................................................11

**RULES**

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 2, vi

Local Rule 7.1(a) .....................................................................................1

Rule 8(a)(2) ..........................................................................................2, 3

**STATUTES**

47 U.S.C. § 227(b)(3) ...............................................................................10

28 USC §1367(c)(1) .................................................................................8

MCL § 600.2919A(1)(a) .............................................................................1

## STATEMENT OF ISSUES PRESENTED

1.     Should Counts II and III be dismissed for failure to state a claim?

Defendant's Answer:     Yes

2.     Even if not dismissed, should this case be stayed pending a decision from the U.S. Supreme Court in *Spokeo, Inc. v. Robins?*

Defendant's Answer:     Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

In support of its Motion, Defendant relies on Fed. R. Civ. P. 12(b)(6), and

the additional authorities and arguments in the accompanying Brief in Support.

## <u>INTRODUCTION AND STATEMENT OF FACTS</u>

Neil A. Miller, P.C. ("Miller") filed a putative class action complaint against James Publishing on January 21, 2016.  [DE 1].  The complaint alleges that on December 7, 2015, Miller received an unsolicited fax advertisement from James Publishing, a copy of which is attached as Exhibit A to Miller's complaint.  [DE 1 at ¶ 14, DE 1-1].  Miller also filed a motion for class certification with its complaint.  [DE 2].  This Court entered an order on January 28, 2016, denying the motion for class certification without prejudice.  [DE 7].

The Miller complaint is styled in three counts.  Count I alleges that the unsolicited fax violated the Telephone Consumer Protection Act ("TCPA").  Count II alleges that the same fax constituted common law conversion.  Count III alleges that the same fax violated MCL § 600.2919A(1)(a).  Count III includes a request for attorney fees.  Each of the counts includes class allegations and incorporate by reference all allegations that support the TCPA count.  Counts II and III should be dismissed for at least the following reasons:

*First*, conversion claims premised on violations of the TCPA are improper applications of that tort;

*Second*, the alleged damages are *de minimus*; and/or

*Third*, this Court should decline to assert supplemental jurisdiction over the state law claims.

The Court should alternatively stay this case pending the anticipated standing in *Spokeo, Inc. v. Robbins*.

## **LEGAL STANDARD**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

This Court has the inherent power to stay proceedings as part of its power to control disposition of cases on its docket. *FTC v EMA Nationwide, Inc.*, 767 F3d 611, 626 (6th Cir 2014). The party seeking a stay bears the burden of showing that there is a pressing need for delay and that neither the parties nor the public will be prejudiced by a stay. *Landis v North American Co.*, 299 US 248, 255 (1936).

3

## ARGUMENT

### I.   THE CONVERSION CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Counts II and III of Miller's complaint should be dismissed with prejudice either because Miller fails to allege facts establishing the elements of the common law or statutory conversion or because Miller's alleged damages under each claim are *de minimus*.

A claim for common law conversion requires: (1) proof that the plaintiff has a right of possession at the time of conversion; and (2) a conversion of the property by the defendant to his or her own use. *Gen. Ret. Sys. v. Onyx Capital Advisors, LLC*, 2011 U.S. Dist. LEXIS 111440, *19-20 (E.D. Mich. Sept 29, 2011).   The complaint must allege a separate and distinct possession of another's property to constitute a claim for conversion. *Id.* at *20.  The unauthorized transmission of an unsolicited fax does not constitute conversion.  *See e.g.*, *Rosario's Fine Jewelry, Inc. v Paddock Publications*, 443 F.Supp.2d 976 (N.D. Ill 2006).  It is instead a mere consumption of property over which James Publishing had no separate and distinct possession.  Analogous case law from the Northern District of Illinois is instructive, especially where Michigan and Illinois both require a plaintiff to show that the defendant possessed another's property to support a common law conversion claim.  *See Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 606 (Mich. 1992) (conversion is an act of domain exerted over another's personal

property); *Prairie State Bank & Trust v. Deere Park Assocs*, 2014 IL App (4th) 130819, ¶ 31 (elements of conversion include the defendant's wrongful assumption of control or ownership of the plaintiff's property).

The federal district court for the Norther District of Illinois dismissed a conversion claim premised on a TCPA violation in *Rosario's, supra.* The *Rosario* court noted that the fax sender never came into possession of the plaintiff's paper, ink or toner so that it could not have "assumed control, dominion or ownership over the property." *Rosario's*, 443 F.Supp.2d at 980. *Rosario's* illustrates that the possession element is absent where the conversion is premised on the receipt of an unsolicited fax. The *Rosario's* court also observed that to allow the conversion claim to stand would contort the element of the tort "beyond its normal meaning." *Id*.

The result is no different when considering a common law conversion claim under Michigan law. Miller's conversion claim is that "by sending [it] and the class members unsolicited faxes, [James Publishing] converted to their own use ink or toner and paper belonging to" Miller and the other class members. [DE 1 at ¶ 50]. But as the *Rosario's* court observed, the sender of a fax never assumes control or ownership of the recipient's paper or toner. To the contrary, the paper or toner was simply consumed in the precise manner as their owner intended. The fact that the recipient may not have wanted a particular fax does not mean that the

used paper and ink amounts to common law conversion. The *Rosario's* court's frustration with what is essentially an unnecessarily common law claim underscores James Publishing's argument.

Permitting the conversion count to stand would expand the tort of conversion beyond its intended purpose. Liability for an unwanted fax advertisement exists, if at all, under the TCPA. Common law conversion is not only unnecessary to address any claimed injury, it is an improper application of that tort. The same holds true for Miller's statutory conversion claim.

A plaintiff seeking to recover under statutory conversion must satisfy the common law elements of conversion but must also establish that the defendant employed the converted property for its own use. *Aroma Wines Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 497 Mich. 337, 360, 871 N.W.2d 136 (2015). The discussion above makes clear that the common law elements are not satisfied by simply alleging consumption of paper, ink and toner caused by the receipt of an unsolicited fax advertisement. Just as the common law conversion cannot be applied to what is in essence a TCPA claim, nor can the statutory version of that claim be applied in this context. Counts II and III should be dismissed for failure to state a claim.

## II.    THE DAMAGES SOUGHT IN COUNTS II AND III ARE *DE MINIMIS*

Even if Miller satisfies the elements of common law and statutory

conversion, dismissal with prejudice of Counts II and Count III is proper because Miller's total actual damages would amount to a few pennies at best.  While Michigan state or federal courts have not squarely addressed this issue, case law on this question is well developed in the Northern District of Illinois.  *See, e.g., GM Sign, Inc. v Elm Street Chiropractic,* 871 F.Supp.2d 763 (N.D. Ill. 2012), and cases cited therein.

Miller alleges damages for the deprivation of paper and ink "which [can] no longer be used for any other purpose.  [DE 1 at ¶ 54].  This loss of a sheet of paper and a few drops of toner is too trivial an injury to amount to an actionable conversion.  *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F.Supp.2d 610, 613 (N.D. Ill. 2009).  ("'The ancient maxim *de minimus non curat lex* might well have been coined' for the occasion in which a conversion claim is based solely on the loss of paper and toner consumed during the one page unsolicited fax advertisement," quoting *Rosario's*, 443 F.Supp.2d at 980).

Further, even though Miller purports to represent a class, it cannot aggregate a class of *de minimus* claims because it must first establish a valid claim in its own right.  *See GM Sign*, 871 FSupp2d at 768, *citing Bunting v Progressive Corp.*, 348 Ill.App.3d 575, 581 (2004).  *See also Simon v Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40 n.20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976), *quoting Warth v. Seldin*, 422 U.S. 490, 502, 95 S. Ct. 2197, 45 L. Ed. 2d 343

(1975) ("It is axiomatic that a class plaintiff must have a valid claim in her own right to have standing to pursue the same claims on behalf of a class.")

Miller's individual conversion claim is too trivial and insignificant to warrant an award of even nominal damages for Miller in its own right. *GM Sign*, 871 F.Supp.2d at 769; *Stonecrafters* 630 F.Supp.2d at 614-615. Dismissal of Counts II and III with prejudice is proper for this additional reason.

## III.   THIS COURT HAS THE DISCRETION TO DECLINE TO ASSERT SUPPLEMENTAL JURSIDICTION OVER THE STATE LAW CLAIMS

The state law conversion claims fail to state a claim whether they are in this Court or in state court. For this reason, James Publishing feels they should be dismissed in this Court by this Motion. To the extent the Court believes a state court should decide these state law claims, it has discretion to decline to assert supplemental jurisdiction over the state law claims asserted in Counts II and III.

Supplemental jurisdiction is a question of discretion and not a plaintiff's right. *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). A district court may decline to exercise supplemental jurisdiction if the claim raises a novel issue of state law. *James v. Hampton*, 592 Fed. Appx. 449, 462 (6th Cir. 2015). *See also* 28 USC §1367(c)(1). A district court is to balance the interests of judicial economy against needlessly deciding state law issues. *See Langefeld v Marion Gen. Hosp., Inc*., 994 F.2d. 1178, 1182 (6th Cir. 1993) (affirming decision to

decline to exercise supplemental jurisdiction where court found novel issues of state law).

Novel questions of state law, on which no Michigan state court has opined, exist here—whether receipt of an unsolicited fax satisfies the elements of common law and statutory conversion.  Whether the tort of conversion can be extended and applied in this manner can and should be determined by a Michigan state court. *Rockey v Courtesy Motors, Inc*., 199 F.R.D. 578, 596 (WD Mich 2001) (declining to exercise jurisdiction where doing so would "apply a Michigan states in an unprecedented fashion, with no guidance from any Michigan appellate court…") This is especially true here where the TCPA claim is the dominant claim.  At least one court in this District declined to exercise supplemental jurisdiction over conversion claims where the crux of the case was predicated on a TCPA claim. *See Fricko, Inc. v. Nehmeh Enters*., 2012 U.S. Dist. LEXIS 32633 (E.D. Mich. Mar. 12, 2012).

There is simply no overwhelming need to resolve the novel state law collateral conversion claims when liability and damages, if ever assessed, will be driven by the statutory damages available under the TCPA.  Counts II and III should be dismissed for this additional reason.

## IV.   IN ANY EVENT, THIS CASE SHOULD BE STAYED PENDING THE ARTICLE III RULING ANTICIPATED IN *SPOKEO, INC. V. ROBBINS*

*Spokeo* will answer the question of whether Congress may confer Article III standing on a plaintiff who suffers no actual harm by authorizing a private right of action based on a violation of a federal statute. *See* Petition for Writ of Cert., No. 13-31339, 2014 WL 1802228 (May 1, 2014). Although *Spokeo* arises under the Fair Credit Reporting Act ("FCRA"), the petition observed that the question presented would resolve the same constitutional standing question that arises under other federal statutes. *Id.* The TCPA is such a federal statute.

Miller seeks to represent a class of other similarly situated parties who received an unsolicited fax in violation of the TCPA. The TCPA creates a private right of action for such violations and authorizes statutory damages assessed at $500 per violation. 47 U.S.C. § 227(b)(3). This amount is trebled to $1,500 per violation where the infraction is deemed willful and knowing. ***No proof of actual injury is required***. *Hannahan Endodontic Grp. v. Inter-Med, Inc.*, No 15-1038, 2016 U.S. Dist. LEXIS 7162, *1 (E.D. Wis. January 20, 2016). As argued in the *Spokeo* petition, the standing ruling anticipated before the end of the current term is relevant here because it will resolve the question of whether Miller satisfies the threshold Article III standing requirement. This reality is confirmed by considering the factors evaluated in determining whether a stay is appropriate.

10

### A.   There is a Valid Need for Delay

Granting a stay pending the ruling in *Spokeo* will greatly simplify the issues before this Court.  If the Supreme Court rules that a bare statutory violation is not enough to create Article III standing, that ruling would in effect deprive this Court of subject matter jurisdiction over the very claim that prompted filing of this complaint in the first instance.  Given this possibility and uncertainty concerning Miller's standing, granting a stay is appropriate as it could save significant time and resources associated with prosecuting and defending a TCPA class action complaint.  *See e.g., Fauley v Royal Canin USA, Inc.*, No 15-02170, 2015 WL 3622542 (N.D. Ill. May 22, 2015) (granting a stay to await a different Supreme Court ruling noting that discovery in class actions "is expensive and in my experience, it is mostly the attorneys who benefit from these cases.")

Miller may contend that a stay is not necessary because *Spokeo* arose under the FCRA while this case is brought under the TCPA.  This distinction without a difference did not prevent courts in this District as well as others from staying TCPA class actions, based on both unsolicited fax transmissions as well as calls or texts, until the Supreme Court decides *Spokeo*.  *See e.g., Compressor Eng'g Corp. v Thomas*, No 10-10059, 2016 U.S. Dist. LEXIS 13174 (E.D. Mich, February 3, 2016); *Tel Sci Corp. v. Asset Recovery Solutions*, 2016 U.S. Dist. LEXIS 581 (January 5, 2016) (collecting cases); *Hannahan*, 15-1038, 2016 WL 270224;

*Rodriguez v. DFS Servs.*, LLC, No 15-2601, 2016 U.S. Dist. LEXIS 11494 (M.D. Fla. Feb 1, 2016). Further, at least one district court stayed a class action brought under the Electronic Communications Privacy Act ("ECPA") and the California Invasion of Privacy Act ("CIPA") citing similar standing concerns in light of *Spokeo*. *See Matera v Google, Inc.*, No. 15-04062, 2016 U.S. Dist. LEXIS 15271 (N.D. Cal. Feb 5, 2016). Miller's anticipated protests to the contrary notwithstanding, the standing ruling to be issued in *Spokeo* will not be limited to the FCRA.

Further, it matters not that Miller alleges (in conclusory fashion) that it and the class members it purports to represent suffered actual damages in the form of consumed paper and toner. Miller alleges statutory damages under the TCPA on a class-wide basis and specifically requests this Court "award $500-$1,500 in damages for each violation of the TCPA." DE 1 at p. 17. Similar requests for statutory damages were sufficient for another court in this District to grant a *Spokeo*-based stay. *See Compressor Eng'g*, 2016 U.S. Dist. LEXIS 13174 at *16-17.

Moreover, the district court in *Rodriguez* recently noted that the allegations of actual damages were "sparse, if present at all . . ." *Rodriguez*, No. 15-2601, 2016 U.S. Dist. LEXIS 11494 at *5. The court granted a stay observing that "a Supreme Court reversal in *Spokeo* will require Rodriguez to establish that she

suffered actual damages for the Court to exercise jurisdiction over the case." *Id.* Similarly here, while it is possible (although unlikely) that Miller may be able to proceed with an actual damages claim, Miller will have to establish such actual damages before it can proceed. This will be difficult because Congress recognized that actual damages for receipt of an unsolicited fax amount to mere pennies. *See* 137 Cong Rec S16204-1, 16205-06 (daily ed Nov 7, 1991). *See also Destination Ventures, Ltd. v Federal Communications Commission*, 46 F3d 54, 56 (9th Cir 1995) (cost of one page of paper estimated at two and one half cents and that a fax machine is occupied for 30-45 seconds to print a fax). A ruling that Miller lacks standing to pursue statutory damages under the TCPA would at least drastically impact the damage calculation, if not terminate this case in its entirety.

Simply stated, because a potential ruling in *Spokeo* may terminate this litigation, this matter should be stayed until *Spokeo* is decided.

### B.   Miller Will Not Be Prejudiced by and Could Benefit From a Stay

Neither Miller nor the public will be adversely impacted were a stay to be granted in this case. Miller's complaint was filed on January 21, 2016. The case is in its infancy. Other than the placeholder class certification motion which this Court dismissed as premature without prejudice (DE 7), no other actions have been taken. No case management order, discovery schedule or trial date has been set. Moreover, any delay occasioned by a stay pending a ruling in *Spokeo* will be

minimal given that a ruling is expected by the end of June 2016.

Further, a stay is arguably in Miller's interest.  If the Supreme Court rules that a bare statutory violation does not satisfy Article III standing, then any litigation success Miller might achieve (such as a favorable judgment on its TCPA count) and all the time and expense incurred would have been for naught.  In that regard, a stay will not tactically disadvantage Miller who will similarly conserve resources.

Dated:          March 22, 2016                    Respectfully submitted,

                                        **JAMES PUBLISHING, INC.**

By:  s/ *Rosa M. Tumialán*
Rosa M. Tumialán (rtumialan@dykema.com )
DYKEMA GOSSETT, PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (phone)
(312) 876-1155 (fax)

Rob Horwitz (rhorwitz@dykema.com)
DYKEMA GOSSETT, PLLC
400 Renaissance Center, 36th Floor
Detroit, MI  48243
Phone: (313) 568-5384

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2016, I electronically filed the foregoing

**Motion to Dismiss** using the CM/ECF system.


                    s/ *Paula Wegrzyn*_____